UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ENED GJELAJ,  |
 |
                     Petitioner,  |     09 CV 3126 (KMW) (PED)
 |
   -against- |     **ORDER ADOPTING**
 |     **REPORT AND**
ROBERT ERCOLE, |     **RECOMMENDATION**
Superintendent Green Haven Correctional Facility, |
 |
                    Respondent.  |
----------------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

**I. Introduction**

      Petitioner Ened Gjelaj ("Petitioner") seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2006 convictions in Westchester County Court for multiple counts of robbery, burglary, grand larceny, conspiracy, criminal possession of stolen property, and unauthorized use of a vehicle.  (Dkt. No. 1.)  Petitioner's habeas petition raises three claims: (1) that he was deprived of his Sixth Amendment right to counsel of choice; (2) that the State failed to properly minimize recorded conversations obtained through the use of an eavesdropping warrant, in violation of the Fourth Amendment and various state and federal statutes, including Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"), 18 U.S.C. §§ 2510–2522; and (3) that his seventy-five year sentence is disproportionate and in violation of the Eighth Amendment.

      On February 9, 2012, Magistrate Judge Paul E. Davison issued a Report and Recommendation (the "Report"), familiarity with which is assumed.  The Report concludes that each of Gjelaj's claims for habeas relief is without merit.  On February 14, 2012, the State filed

one objection to the Report. (Dkt. No. 37.) On April 23, 2012, after obtaining an extension, Petitioner timely filed his objections. (Dkt. No. 39.) Petitioner asks this Court to reject the recommendations of the Report and grant Petitioner a new trial. (Id. at 7.) In the alternative, Petitioner seeks a Certificate of Appealability. (Id.)

For the reasons stated below, the Court ADOPTS the Report in its entirety, and DENIES Gjelaj's petition.

## II. Standard of Review

When reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R Civ. P. 72(b). The Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (internal citations omitted). "However, to the extent that a party makes only 'conclusory or general objections, or simply reiterates the original arguments, the [C]ourt reviews the Report and Recommendation only for clear error.'" Soley v. Wasserman, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011) (Wood, J.). The Court reviews for clear error the portions of the Report to which the Parties do *not* object. See Fed. R. Civ. P. 72(b) advisory committee's note; see also Rodriguez v. Morton, 2009 WL 414033, at *1 (S.D.N.Y. Feb. 13, 2009) (No. 04-CV-3787) (Batts, J.). "Pursuant to 'clear error' review, the Court considers whether the Report -- or an applicable provision thereof -- is free of 'clear error on the face of the record.'" Soley, 823 F. Supp. 2d at 228.

**III. Analysis**

The Court has conducted a thorough review of the Report, as well as the Parties' objections and the relevant legal authority. The Court finds the Report well-reasoned and therefore ADOPTS the Report in its entirety, rejecting the Parties' objections.

**(1) Sixth Amendment Right to Counsel of Choice**

Petitioner's primary objection to the Report's analysis of his right to counsel of choice claim focuses on the Report's characterization of the events that occurred in the Westchester County trial court. The Report explains that the trial court instructed Petitioner's trial counsel, while Petitioner was present, to "ensure a second-chair was available." (Report at 22.) Trial counsel repeatedly represented to the court that he had done so, and upon trial counsel's incapacitation, the second-chair counsel repeatedly informed the court that he was prepared to proceed. (Id. at 22-23.) The Court finds these characterizations well-supported by the record and thus rejects Petitioner's objections to the contrary.

Petitioner further argues that when his trial counsel began trial without a second seat, the trial court should have immediately halted the trial. By not doing so, Petitioner contends, the trial court "assumed all of th[e] risks." (Pet.'s Objs. at 5.) As the Report notes, however, the trial court on numerous occasions warned Petitioner's trial counsel, delayed the trial, and attempted to accommodate the Petitioner, while at the same time balancing the needs of its own trial calendar and the interests of the other parties. See United States v. Cicale, 691 F.2d 95, 106 (2d Cir. 1982). Given these particular circumstances, the Court agrees with the Report's conclusion that the trial court was well within the "'broad discretion' [afforded to it] to determine 'matters of continuances.'" (Report at 21 (quoting Morris v. Slappy, 461 U.S. 1, 11 (1983))). Accordingly, Petitioner's objections are without merit.

### (2) Minimization of Recorded Conversations

Petitioner next objects to the Report's analysis of his minimization claim, pursuant to Title III. The Report, recognizing that the Second Circuit has not yet decided the extent to which Title III provides a basis for habeas relief separate from a Fourth Amendment claim, assumes that Title III provides an independent basis for habeas relief. (Report at 27.) The Report then finds that Petitioner fairly presented the Title III claim on direct appeal to the New York Appellate Division.[1] (Id.) The Report concludes, however, that the asserted Title III violation failed to allege "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." (Id. at 28 (quoting Hill v. United States, 368 U.S. 424, 428 (1979))); see also Reed v. Farley, 512 U.S. 339, 353-54 (1994).[2] Petitioner objects to this disposition and reiterates his contention that the State's minimization failures amount to "a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." (Pet.'s Objs. at 10.)

Even assuming that Petitioner's objections are sufficient to trigger de novo review, this Court agrees with the Report's conclusion that Petitioner's allegations fail to meet the Hill standard. Because many of the intercepted communications were conducted in Albanian and the

---

[1] The State has objected to the Report's finding that Petitioner "fairly presented" (and thereby exhausted) his Title III claim to the state courts. (Dkt. No. 37.) It is well-settled that the "exhaustion requirement is not satisfied unless" the petitioner fairly presents his claim by "inform[ing] the state court of both the factual and the legal premises of the claim he asserts." Dave v. Att'y Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982) (en banc). A defendant may fairly present his claim, for example, by relying on federal or state cases employing the relevant legal analysis. See id. at 194. In this case, the Court concurs with the Report's conclusion that Petitioner fairly presented his Title III claim by referencing several state cases discussing Title III and its requirements.

[2] Petitioner takes issue with the Report's application of the Hill standard to his Title III claim. As the Report accurately notes, however, the Second Circuit has no authority directly on point. Cf. Alfano v. United States, 555 F.2d 1128, 1129 (2d Cir. 1977) (applying Hill standard to claim of 18 U.S.C. § 2518(8)(a) violation, which requires immediate presentation of recordings made pursuant to Title III to the trial court for seal). Moreover, a number of other courts have applied the Hill standard to habeas allegations of Title III violations. See, e.g., Lord v. Lambert, 347 F.3d 1091, 1094-95 (9th Cir. 2003); Llamas-Almagner v. Wainwright, 666 F.2d 191, 193-94 (5th Cir. 1982); Hussong v. Warden, Wisc. State Reformatory, 623 F.2d 1185, 190-91 (7th Cir. 1980); Barbosa v. Bissonnette, 434 F. Supp. 2d 25, 34-35 (D. Mass. 2006). Given that Petitioner has failed to cite any counter-authority or offer an alternative standard, this Court rejects Petitioner's objection to the application of Hill to his Title III claim.

State often lacked readily-available translators, the minimization indisputably occurred after the calls were recorded. The full original recordings, however, were sealed by the court and the State utilized the minimized versions at trial. Under these circumstances, the Court finds no miscarriage of justice or inconsistency with fair procedure. In sum, Petitioner "does not present 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" Hill, 368 U.S. at 428 (quoting Bowen v. Johnston, 306 U.S. 19, 27 (1939)).

**(3) Disproportionate Sentence**

Petitioner does not challenge the Report's rejection of his Eighth Amendment claim that he received a constitutionally disproportionate sentence. Accordingly, the Court reviews this portion of the Report only for clear error. Having done so, the Court finds no error.

**(4) Certificate of Appealability**

Petitioner requests, in the alternative, that the Court grant a certificate of appealability ("COA"). For a COA to issue, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires that Petitioner demonstrate that reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (quotation marks and citation omitted)); see also Middleton v. Att'ys Gen. of the States of N.Y. & Pa., 396 F.3d 207, 209 (2d Cir. 2005). In accordance with the Report's recommendation, the Court finds that Petitioner has not made the required showing and therefore declines to issue a certificate of appealability.

## III. Conclusion

For the reasons stated above, the Court rejects all objections and ADOPTS the Report in its entirety. Petitioner's § 2254 petition is DENIED. Petitioner's request for a certificate of appealability is also DENIED.

The Clerk of Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated: New York, New York
September 12, 2012

_____
Kimba M. Wood
United States District Judge